FILED
NOV 26 2007
NOV 26 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND,<br><br>Plaintiffs,<br><br>v.<br><br>K.C.W. ENVIRONMENTAL CONDITIONING, INC., An Illinois Corporation,<br><br>Defendant. | 07CV6629<br>JUDGE NORGLE<br>MAG. JUDGE VALDEZ |

## COMPLAINT

Plaintiffs, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS PENSION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS EDUCATION FUND, BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS RETIREMENT FUND, by their attorneys, DONALD D. SCHWARTZ, PHILIP BRZOZOWSKI and ARNOLD AND KADJAN, complain against Defendant, K.C.W. ENVIRONMENTAL CONDITIONING, INC., an Illinois corporation, as follows:

1. (a) Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

(b) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2. Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3. (a) The Plaintiffs in this count are BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al. ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

(b) The Funds have been established pursuant to collective bargaining agreements previously entered into between the Plumbers and Pipefitters Local 501 ("Local 501") and certain employer associations whose members' employees are covered by the collective bargaining agreement with the Local 501. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws. The funds are administered pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

4. (a) Defendant, K.C.W. ENVIRONMENTAL CONDITIONING, INC., ("KCW") is an Illinois corporation and is doing business within this Court's jurisdiction.

(b) KCW is an employer engaged in an industry affecting commerce.

5. KCW has entered into a collective bargaining agreement with Local 501 pursuant to which it is required to make periodic contributions to the Funds on behalf of certain of its employees.

6. By virtue of certain provisions contained in the collective bargaining agreements, **KCW** is bound by the Trust Agreement establishing the Funds.

7. Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **KCW** is required to make contributions to the Funds on behalf of its employees for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the collective bargaining agreements and the Trust Agreement and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8. Plaintiffs are advised and believe that for the period March 2007 through present, **KCW** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreement and Trust Agreement by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

9. An audit by the Plaintiffs' accountant of the books and records of Defendant, **KCW**, is necessary in order to determine any further amounts the Defendant, **KCW**, owes to the Plaintiffs for the period from March 1, 2007 to the present.

10. Due to its failure to pay the contributions, **KCW** is further obligated to pay contributions in an amount shown to be due under an audit.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. That Defendant be ordered to submit the books and records of the Defendant to an accountant selected by Plaintiffs for the purpose of conducting a fringe benefit compliance audit for the period from March 1, 2007 to the present.

B. That Judgment be entered for Plaintiffs and against Defendant, in the amount shown to be due under such audit.

C. That Defendant be enjoined from willfully violating the terms of the collective bargaining agreement and trust instruments by failing to make timely payments to the Funds.

D. That Plaintiffs be awarded liquidated damages, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), in the amount of up to 20% of the contributions found due pursuant to the Audit.

E. That Plaintiffs be awarded their costs herein, including Audit costs and reasonable attorneys' fees incurred in the prosecution of this action and pre-judgment interest provided for by the applicable agreements and/or Section 502(g)(2) of ERISA.

F. That the court grant Plaintiffs such other and further relief as it may deem appropriate in the circumstances.

## COUNT II

1-8. Plaintiffs repeat and reallege Paragraphs 1-8 of Count I as Paragraphs 1-8 of Count II.

9. The Trust Agreement states that contributions not received within the period established by the Trustees of the Funds shall be assessed liquidated damages of at least 10% of the contribution amounts due per month. The Trustees have established the

15th day of the month following the month in which hours were worked for which contributions are due. (See page 8 of Trust Agreement attached as Exhibit "A")

10. The Trust Agreement further states that the signatory employers "acknowledge that the liquidated damages will be used to deter administrative costs arising by reason of [their] delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain." Further, the "Employers acknowledge these costs to be at a minimum of ten percent (10%), waiving the necessary of any additional proof thereof." (See page 8 of Trust Agreement attached as Exhibit "A")

11. Plaintiffs are advised and believe that **KCW** has been late on multiple occasions in its monthly contributions since at least the work month of March 2007. The total liquidated damages incurred during this period of time as a result of submitting monthly reports after the 15th of the month following the performance of covered work is $12,841.07.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Plaintiffs be awarded $12,841.07, as provided for in the applicable agreements and ERISA Section 502(g)(2).

B. Plaintiffs be awarded such further liquidated damages amounts to be determined by an audit for the period March 1, 2007 through present. Such audit was complained for in Count I.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action;

D. **KCW** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT III

1-8. Plaintiffs repeat and reallege Paragraphs 1-8 of Count I as Paragraphs 1-8 of Count III.

9. Specifically, for the month of August 2007, Defendant submitted a report of hours for which contributions were required to be made to the Plaintiffs. Such report disclosed that Defendant was to pay Plaintiffs the amount of $20,029.90 for the month of August 2007. (See copy of August 2007 contribution report attached hereto as Exhibit "B")

10. Payment for contributions for the month of August 2007 were due on September 15, 2007 and because they have not yet been received they are considered delinquent. As such, Defendant is obligated to pay contributions in the amount of $20,029.90 to Plaintiffs.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A. Plaintiffs be awarded $20,029.90 for contributions owed for the month of August 2007, as provided for in the applicable agreements and ERISA Section 502(g)(2).

B. Plaintiffs be awarded such further amounts to be determined by an audit for the period March 1, 2007 through present. Such audit was complained for in Count I.

C. Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action;

D. **KCW** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E. This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,
**BOARD OF TRUSTEES OF THE NORTHERN ILLINOIS BENEFIT FUND, et al.**

By: _____
One of their Attorneys

Donald D. Schwartz
Philip Brzozowski
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

**EXHIBIT A**

required. The time for payment may be extended by the Trustees by resolution, but in no event shall such extension exceed sixty (60) days in accordance with applicable regulations issued by the Secretary of Labor pursuant to ERISA. If such contributions are not received within the period as so extended, said obligations shall be conclusively deemed to include interest computed from the original due date as defined above.

Section 4. **DEFAULT IN PAYMENT.** The Trustees shall immediately notify the Union and the Association if any contributing Employer is delinquent in the payment of any monies due to the Fund and shall also so notify the delinquent Employer. Nonpayment by an Employer of any contributions when due shall not relieve any other Employer of his obligations to make payments. The Trustees may take any action necessary to enforce payment of the contributions and penalties due hereunder, including, but not limited to, proceedings at law and in equity.

The Trustees are authorized to establish a reasonable and lawful grace period within which contributions must be received; contributions not received before the expiration of said period shall be assessed liquidated damages of at least ten percent (10%) of the monies due per month. All Employers who are parties to or otherwise bound by this Trust Agreement acknowledge that the liquidated damages will be used to deter administrative costs arising by reason of said delinquency and acknowledge the costs to be actual and substantial though difficult to ascertain; however, the Employers acknowledge these costs to be at a minimum of ten percent (10%), waiving the necessity of any additional proof thereof. The Trustees may, in their sole discretion, increase the amount of liquidated damages imposed on any delinquent Employer to an amount which is not more than 20% of the contributions found to be due. Among the factors to be considered by the Trustees in exercising this discretion shall be the extent of the collection activity required, the amount of the contributions due, the willfulness of the Employer's failure to make contributions, and other relevant factors.

In addition, the delinquent contributions shall bear interest up to the

**EXHIBIT B**

NORTHERN ILLINOIS BENEFIT FUNDS
DISBURSEMENT ACCOUNT
PO BOX 94423
CHICAGO, IL 60690
PH(630)978-4600   FAX(630)978-4616


RECEIVED OCT 1 2007
By_____

KCW ENVIRONMENTAL COND INC
849 N MAIN ST

GLEN ELLYN    , IL    60137

EMPLOYER # 00464
(630)469-8111    (630)469-8218
BILLING FOR MONTH OF
08/2007

| SOC-SEC-NBR | NAME OF EMPLOYEE | TR LVL | LOCAL # | HOURS | UA PAC AUTH | UA PAC HOURS | GROSS WAGES |
|---|---|---|---|---|---|---|---|
| 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 | CASTLEMAN, DARRELL L | J-F | 501 | 197.0 | | — | 9,381.82 |
| 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 | DUNHAC, DONALD A | J-F | 501 | 190.5 | Y | 190.5 | 7,298.10 |
| 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 | FULTON, WALTER A | JMT | 501 | 160.0 | Y | 160.0 | 5,515.20 |
| 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 | KASCH, STEVEN G | J-F | 501 | 179.0 | Y | 179.0 | 6,762.70 |
| 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 | POVH, VASILY M | A5 | 501 | 207.5 | N | — | 6,832.81 |

HOURS TOTALS: 934.0    WAGES TOTALS**: 35,790.63

TOTAL HOURS  934.0   X * PENSION RATE OF  $5.99/HR = 5,594.67
TOTAL HOURS  934.0   X * RET FUND RATE    $4.00/HR = 3,736.00
TOTAL HOURS  934.0   X H & W RATE OF      $8.95/HR = 8,359.81
TOTAL HOURS  934.0   X EDUCAT RATE OF     $1.00/HR = 934.00
TOTAL HOURS  934.0   X INDUSTRY RATE OF   $ .30/HR = 280.20
TOTAL HOURS  934.0   X ITF FUND RATE OF   $ .05/HR = 46.71
TOTAL HOURS  529.5   X UAPAC RATE OF      $ .01/HR = 5.30
TOTAL WAGES  35,790.63  X CHECKOFF RATE OF .03 (3.00%= 1,073.71

TOTAL CONTRIBUTIONS (DUE BY THE 15TH OF THE MONTH): $ 20,029.90

PLEASE SEE LAST PAGE FOR REFERRENCE GUIDE & EXCLUSION OF BENEFIT FORM!

Add all additions to the last page of the report indicating full name, social security number, and local.

Write one check made payable to "Northern Illinois Benefit Funds" for the TOTAL CONTRIBUTIONS shown above. At the beginning of each month a new report will be sent to you listing current employee(s).

THIS REPORT COVERS PAYROLL PERIOD START DATE: 7/23/07    END DATE: 8/26/07

NAME OF PERSON WHO PREPARED REPORT: KRIS NOONAN    (please print)